UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMEKA FELDER, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 2:06-CV-01399-LSC |
| | ] |
| MIKE HALE, in his official capacity | ] |
| as Sheriff of Jefferson County, | ] |
| et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration a motion for summary judgment, filed by defendant Mike Hale, in his official capacity as Sheriff of Jefferson County, Alabama ("Sheriff Hale").  (Doc. 35.)  Plaintiff Tomeka Felder ("Felder" or "Plaintiff") initiated this action on July 20, 2006.  In her Complaint, Felder contends that Sheriff Hale is liable for sex and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981), and 42 U.S.C. § 1983 ("§ 1983"), as well as negligent and/or wanton hiring,

retention, and supervision under Alabama State law. (Doc. 1.) Plaintiff also asserts state law claims of invasion of privacy and assault and battery against Sheriff Hale and Officer Robert Cornelius, in his individual capacity. (*Id.*) Felder has indicated to the Court, however, that she is no longer pursuing her claims of race discrimination under Title VII and § 1981, her § 1983 claims, or any state law claims against Sheriff Hale. (Doc. 46.) Those claims, therefore, will be dismissed. Sheriff Hale has moved for summary judgment on Plaintiff's remaining claims against him in his official capacity. The issues raised in that motion have been briefed[1] and are ripe for review. Upon full consideration of the legal arguments and evidence presented by the parties, Sheriff Hale's motion for summary judgment will be granted in all respects.

---

[1] At a hearing on April 30, 2008, counsel for Sheriff Hale made an oral motion to file a reply brief out of time. Plaintiff's counsel indicated he had no opposition, and the motion was granted.

II.  Facts.[2]

Plaintiff Tomeka Felder was hired by the Jefferson County Sheriff's Office ("JCSO") in December 2003, as a Deputy Sheriff assigned to the Jefferson County Jail ("the Jail").  Robert Cornelius ("Cornelius") began his employment as a Deputy Sheriff for JCSO in September 2003.

On Wednesday, June 8, 2005, Felder and Cornelius worked assignments together on the third level of the Jail.  During their shift, Cornelius grabbed Plaintiff's buttocks, rubbed his hand along the side of her waist, and slipped his fingers into the front pocket of her pants—stopping a couple inches from her crotch.  While he touched her, Cornelius commented aloud that Felder was "soft."

Plaintiff did not report the June 8 incident to her immediate on-duty supervisor, then-Sergeant Deborah Guy, a female.  Plaintiff also did not report the incident to Valerie Winn, also a female supervisor.  Rather, Plaintiff told Sergeant Chester McClinton, a training officer, about Cornelius

---

[2]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

the following day, and she told McClinton she did not want a formal investigation.  McClinton called Cornelius, and Cornelius admitted his misconduct.  Thereafter, McClinton met with Guy and informed her about Felder's allegations and Cornelius's admission—and he advised that the two be kept separate until their lieutenant returned to work.

After the incident on Wednesday, Felder did not work at the Jail until Sunday June 12, 2005.  On that day, Cornelius and Felder were assigned to separate floors, but Plaintiff contends that Cornelius left his floor to stare at her, and followed her in order to attempt to get close to talk to her.  She reported Cornelius's actions to Sergeant Emma Moore; Moore told Guy the following day.

After obtaining statements from McClinton and Cornelius, Lieutenant Frank Fitts met with Cornelius and told him he was being transferred to the Bessemer Division effective Saturday, June 18, 2005 (the start of a new pay period), and that Cornelius was to have no further contact with Felder whatsoever.  At that point, Cornelius and Felder were scheduled to work at the Jail only one more day together, and they were assigned different floors.

Felder filed formal charges against Cornelius through an Alabama Uniform Incident/Offense Report on June 17, 2005. The first report was returned for failure to obtain a supervisor's signature, and Plaintiff re-filed correctly on June 21, 2005. She filed a Charge of Discrimination with the EEOC against JCSO on June 17, 2005. Thereafter, Felder complained to Lieutenant Ken Rich that other deputies were retaliating against her because they stepped aside when she walked by them, would not ride the elevator with her, did not want to work with her, and on one occasion, a deputy refused to let her in the security cube.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Analysis.

Plaintiff contends that Sheriff Hale, in his official capacity, is liable for sex discrimination and retaliation under Title VII. Specifically, Felder argues that she was subjected to a sexually hostile work environment, and her co-workers treated her poorly after she complained. (Doc. 43 at 5-15.) Sheriff Hale maintains that he is entitled to summary judgment because Felder cannot establish a prima facie case for either claim and he took prompt remedial action in response to Plaintiff's complaints. (Doc. 37 at 10-18.)

A.   Hostile Work Environment.

Both parties agree that to establish a hostile environment claim based on sex discrimination, a plaintiff must show: (1) that she belongs to a protected group, (2) that she has been subject to unwelcome harassment, (3) that the harassment was based on her sex, (4) that the harassment was sufficiently severe and pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment, and (5) a basis for holding the employer liable. *Mendoza v. Borden Inc.*, 195 F.3d 1238, 1245 & 1248 n.5 (11th Cir. 1999); *see also Bell v. Crackin Good Bakers, Inc.*, 777 F.2d 1497, 1502-03 (11th Cir. 1985). (Docs. 37 at 10; 43 at

5.)  Sheriff Hale contends that Felder cannot show that the harassment in this case was sufficiently severe and pervasive to alter the terms and conditions of her employment.  Plaintiff agrees that Cornelius only physically harassed her on one occasion, but maintains that he continued to follow her and stare at her while she was working.  (Doc. 43 at 6.)

"Title VII's prohibition of sex discrimination clearly includes sexual harassment, [but it] is not a federal 'civility code.' " *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 118 S. Ct. 998, 1000-02 (1998)).  "Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." *Id.* at 1246 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)).  "The employee must 'subjectively perceive' the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective perception must be objectively reasonable." *Id.* (citing *Harris*, 510 U.S. at 21-22 ).  "The environment must be one that 'a reasonable person would find hostile or abusive' and that 'the victim . . . subjectively perceive[s] . . . to be

abusive.' " *Id.* (quoting *Harris*, 510 U.S. at 21).  "Furthermore, 'the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering "all the circumstances." ' " *Id.* (quoting *Oncale*, 118 S. Ct. at 1003).

"[T]he Supreme Court and [the Eleventh Circuit Court of Appeals] have identified the following four factors that should be considered in determining whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.* (citing *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997)).  "The courts should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment." *Id.* (citing *Allen*, 121 F.3d at 647).

After reviewing the evidence in the record, the misconduct alleged by Felder is insufficient to meet her burden to establish that sexual harassment objectively altered the terms and conditions of her employment. While Cornelius's physical contact with the plaintiff was severe and undeniably offensive, it occurred only once and is not so grave that the touching alone is enough to create liability for a hostile work environment. Moreover, the record shows that the "continued" staring and pursuit alleged by Felder occurred on one day shortly after the incident, when Felder and Cornelius were assigned to work on different floors of the Jail. Plaintiff does not allege that Cornelius made any sexual comments or gestures that day, nor does she say that he threatened her. In fact, there is no admissible evidence that the staring or "following" was of a sexual nature. This is, however, the only conduct to which Felder can point in an attempt to stretch one incident into an "environment" of harassment.

Because no reasonable jury could conclude, under the totality of the circumstances in this case, that the harassing conduct alleged is sufficiently severe or pervasive to alter the terms or conditions of Felder's employment and create a hostile or abusive working environment, Sheriff Hale is entitled

to summary judgment on Plaintiff's sex discrimination claim. It is unnecessary, therefore, for this Court address Sheriff Hale's defense of prompt remedial action.

B.    Retaliation.

Plaintiff also alleges that Sheriff Hale is liable in his official capacity for retaliatory actions suffered after she complained about Cornelius's physical harassment. Felder's retaliation argument, however, is difficult to distinguish from her responses to Sheriff Hale's defense that prompt remedial action was taken. This Court could not find the word "retaliation" anywhere in Plaintiff's response memorandum. (Doc. 43.) Similarly, no legal authority is cited in support of a retaliation claim. Accordingly, this claim should be summarily dismissed. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument).

However, Plaintiff states that her Title VII retaliation claim was briefed in the response memorandum. (Doc. 46 at 2.) Assuming the allegation of retaliation was properly briefed, the Court turns to the legal

elements required. "To state a claim for retaliation under Title VII, the 'plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression.' " *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1233 (11th Cir. 2006) (quoting *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998)).

It is undisputed that Felder complained of Cornelius's conduct soon after it occurred. For the purposes of summary judgment, the exact date of Plaintiff's statutorily protected expression is not material. Sheriff Hale denies, however, that Felder can show that she suffered any adverse employment action causally related to her protected expression.

"An adverse employment action is conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.' " *Cotton*, 434 F.3d at 1233 (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000)). "Although 'Title VII's protection against retaliatory discrimination extends to adverse actions

which fall short of ultimate employment decisions,' the plaintiff must still demonstrate 'some threshold level of substantiality.' " *Id.* (quoting *Wideman*, 141 F.3d at 1456). The courts "look to the 'totality of the alleged reprisals' to determine whether this burden has been met." *Id.* (quoting *Wideman,* 141 F.3d at 1456).

"Although we look to the 'totality of the alleged reprisals,' we consider only those that are truly 'adverse.' " *Id*. at 1234 (quoting *Wideman*, 141 F.3d at 1456; citing *Gupta,* 212 F.3d at 588-89). "Whether an action is sufficient to constitute an adverse employment action for purposes of a retaliation claim must be determined on a case-by-case basis using both a subjective and an objective standard." *Id.* (quoting *Gupta*, 212 F.3d at 587 (citations omitted)). "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.* (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001)). The Supreme Court has defined "material adversity" as that "which in this context means it well might have 'dissuaded a

reasonable worker from making or supporting a charge of discrimination.' " *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2415 (2006). Again, "Title VII[ ] is neither a 'general civility code' nor a statute making actionable the 'ordinary tribulations of the working place.' " *Cotton*, 434 F.3d at 1234 (quoting *Gupta*, 212 F.3d at 587). "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *White*, 126 S. Ct. at 2415.

Felder contends that she was "subjected to a hostile work environment by her co-workers as a result of the complaint she made against Deputy Cornelius for sexual harassment." (Doc. 43 at 12.) This retaliatory environment allegedly existed because co-workers would not ride on the elevator with her at work, refused to talk to her, and asked to have their shifts changed when they found out they were scheduled to work with her. In certain instances, Plaintiff contends that a fellow deputy told her she should not make a big deal of the incident, and another deputy refused to allow her into the control room when she tried to enter. (Doc. 43 at 12.)

Clearly, these alleged reprisals do not constitute actionable adverse employment actions. *See Freytes-Torres v. City of Sanford*, 2008 WL 763216 at *6 (11th Cir. Mar. 25, 2008) ("[A]lleged ostracization of [the plaintiff] is not substantial and is the sort of 'petty slight' that is not actionable) (citing *White,* 126 S.Ct. 2405, 2415-16)); *Cotton*, 434 F.3d at 1234 ("[Plaintiff's] bald assertion that 'she wasn't treated the same by anybody' is insufficient to establish an adverse employment action."). Sheriff Hale is entitled to summary judgment on Felder's retaliation claim.

V.   Conclusion.

For the reasons stated above, Sheriff Hale's motion for summary judgment will be granted in all respects. A separate order will be entered.

Done this 29th day of May 2008.

```
                                    _____
                                         L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
                                              139297
```